IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL EDWARD WEBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 13-283-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

**1. Background.** In February 2013, petitioner filed a counseled habeas application in this court, challenging his 2010 conviction by a Delaware Superior Court jury for attempted first degree robbery. (D.I. 11) The attorney representing petitioner in the instant proceeding is the same attorney who represented petitioner in his 2010 Superior Court trial and on direct appeal before the Delaware Supreme Court.

2. In August 2013, petitioner filed in the Delaware Superior Court a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that his trial/appellate counsel provided ineffective assistance in state court. *Id.* at 1-2. Upon receiving a copy of petitioner's Rule 61 motion, petitioner's counsel sent a letter to the Delaware Superior Court, recognizing the "dilemma" caused by his continued representation of petitioner in state court, but noting that petitioner still wished counsel to represent him in his cases "except for the Rule 61." (D.I. 11-14) Petitioner's counsel then stated, "I would welcome Your Honor's direction on how to proceed with this matter since I am unsure how to proceed." (D.I.

11-14)

3. In September 2013, the State filed a motion to stay the briefing schedule in this proceeding pending resolution of petitioner's counsel's apparent conflict of interest in representing petitioner in his state proceedings. (D.I. 11) The State explains that "the dilemma inherent in [counsel's] continued representation of petitioner, while petitioner asserts his previous representation was ineffective, pervades this habeas action. Petitioner's [Rule 61 motion] alleges [counsel] was ineffective in allowing the very same state court circumstances that petitioner alleges violated his federal rights, and these overlapping allegations track each other nearly word for word." (D.I. 11 at 2) According to the State's motion to stay, the Superior Court, petitioner's counsel, and the State were all working to timely resolve the issue in the Superior Court. *Id.* The State subsequently filed a response to the habeas application pending in this court. (D.I. 12)

4. In a December 26, 2013 letter from the Delaware Superior Court judge to petitioner, the state court judged stated that it would be ethically inappropriate for present counsel to represent petitioner on his Rule 61 motion. (D.I. 19-1 at Entry No. 192) The judge gave petitioner the option of proceeding pro se in the Rule 61 matter or having the court appoint new counsel, and asked that petitioner make his choice by January 14, 2014. *Id.* It appears that petitioner never directly responded to the Delaware Superior Court. Rather, after explaining that he never requested current counsel to represent him in his Rule 61 proceeding, petitioner requested a hearing on his request for a limited appointment of counsel for the purpose of his Rule 61 motion. (D.I. 19-1 at Entry No. 196)

5. In May 2014, petitioner's counsel filed in this proceeding a reply to the State's

2

motion to stay, opposing the stay and asserting that petitioner wishes counsel to continue to represent him in the instant proceeding. (D.I. 16) Counsel also filed a motion for partial summary judgment, asking this court to grant partial summary judgment on ground one of the application and issue the writ of habeas corpus. (D.I. 16; D.I. 17)

6. The court ordered the State to provide an update regarding petitioner's Rule 61 proceeding and an update on any Delaware state court ruling regarding the alleged conflict of interest. (D.I. 18) In that same order, the court directed the State to refrain from responding to petitioner's motion for partial summary judgment until ordered to do so by the court. *Id.*

7. On May 28, 2014, the State provided a written update to the court, stating that the Rule 61 proceeding was still pending in the Delaware Superior Court and that no resolution had been reached with respect to counsel's conflict of interest stemming from counsel's continued representation of petitioner in his state court proceedings. (D.I. 19)

8. **Standard of Review.** As a general rule, a federal habeas court is only authorized to stay a habeas proceeding if the habeas application contains both exhausted and unexhausted claims (i.e., a "mixed application"), and the petitioner's ability to file a future habeas application after proper exhaustion in the state courts will be clearly foreclosed by the expiration of AEDPA's one-year filing period. *Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004). However, the Third Circuit has held that district courts may stay and abey applications containing only

unexhausted claims, where "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics." *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

**9. Discussion.** The instant case does not fall within either of the aforementioned scenarios because the application pending before the court is not a mixed application, and it does not contain only unexhausted claims. Rather, all of the claims in the application are either exhausted and reviewable under § 2254(d), or are exhausted but procedurally defaulted. (D.I. 11 at 2-3; D.I. 12 at 4-9) Nevertheless, the State requests a stay because of the potential alleged conflict of interest created by the fact that petitioner's counsel in this proceeding is the same counsel who represented petitioner during his state criminal proceeding and direct appeal, and petitioner has filed a pro se Rule 61 motion in the Delaware Superior Court alleging that this same attorney provided ineffective assistance during his state criminal proceeding. (D.I. 11 at 2-3) As the State explains, "[g]iven the substantial overlap between petitioner's ineffective assistance of counsel claims [pending in his Rule 61 motion] and his constitutional claims [presented in his federal habeas application]," "it is appropriate to stay petitioner's habeas action while the conflict of interest generated by his unexhausted allegations of ineffective assistance of counsel is resolved either by a ruling on that conflict, or a ruling on the ineffective assistance claims themselves." (D.I. 11 at 2 ¶ 6) The State's motion implicitly acknowledges the possibility that, once petitioner's Rule 61 proceeding is decided, petitioner may wish to amend his habeas application to include the ineffective assistance of counsel claims in his currently pending Rule 61 motion.

4

10. Petitioner's counsel opposes a stay and asserts that petitioner wants counsel to continue representing him in this federal habeas proceeding. (D.I. 15) Counsel contends that petitioner "enjoys the absolute right to proceed with his constitutional claims in any manner he chooses within the confines of the rules of the court and provisions of the statute. The State may not intrude or in any way influence or oppress his strategy." (D.I. 15 at 3) Notably, neither petitioner nor his counsel have filed anything in this court explicitly indicating petitioner's wishes regarding counsel's continued representation of him in this proceeding.[1]

11. The court now turns to the three factors to be considered in determining whether to grant a stay. First, with respect to the potential merit of petitioner's unexhausted ineffective assistance of counsel claims, the court finds significance in the fact that the State does not allege that the claims are "plainly meritless." Although the State does assert that the unexhausted claims may be time-barred under Rule 61(i)(1), that is an issue to be determined by the Delaware state courts. Given the possibility that the issue of counsel's conflict of interest may affect the Superior Court's determination of the timeliness of petitioner's pro se claims, the court cannot conclude that those potentially time-barred claims are "plainly meritless" for the purposes of a stay. See Neville v. Dretke, 423 F.3d 474, 479-80 (5th Cir. 2005)(holding that procedurally defaulted claims are "plainly meritless" for purposes of a stay).

---

[1] Counsel filed an affidavit titled "verified statement of informed consent" signed by petitioner and stating that petitioner wishes counsel to continue representing him. (D.I. 15-1) The affidavit is captioned for the Delaware Superior Court and clearly only relates to petitioner's proceedings in that state court. Id. Therefore, the court does not view the affidavit as indicating petitioner's intent regarding counsel's representation in this proceeding.

12. Similarly, two of the unexhausted ineffective assistance of counsel claims in petitioner's pro se Rule 61 motion (D.I. 11 at Exh. 2) appear to allege that counsel was ineffective for failing to raise two of the issues asserted in this case, namely, a double jeopardy violation stemming from the Delaware Supreme Court's 2009 remand, and the failure to give complete jury instructions. Petitioner also appears to assert the two underlying substantive issues (double jeopardy and incomplete jury instructions) as independent claims in his Rule 61 motion. *Id.* As noted by the State in its answer in this proceeding, these two underlying substantive claims (double jeopardy and incomplete jury instructions) were never presented to the Delaware state courts. (D.I. 12 at 4) Granting a stay in this case would allow the Delaware state courts to determine if the two allegations of ineffective assistance related to these two underlying claims have merit which, in turn, may result in the Delaware state courts reviewing the merits of those underlying claims. Given these circumstances, the court has an additional reason for finding that these two unexhausted ineffective assistance of counsel claims are not plainly meritless.

13. Second, the record does not indicate, and the State does not allege, that petitioner engaged in any intentionally dilatory tactics in bringing these claims in the Delaware state courts. Again, the court notes that counsel's conflict of interest may have been a factor in any such delay.

14. Finally, "[n]either the Supreme Court nor the Third Circuit has defined what constitutes good cause within the stay and abey context." *Swan v. Coupe*, 967 F. Supp. 2d 1008, 1012 (D. Del. 2013). However, after considering the unique circumstances of this case, the court concludes that there is good cause for staying the

6

instant application. Significantly, if the court were to address the application at this point in time, petitioner would be foreclosed from obtaining federal habeas review of the ineffective assistance of counsel claims presently pending before the Delaware Superior Court, either because those claims would be time-barred or considered second or successive if presented in a subsequent federal habeas application. As recently explained by the District Court for the Eastern District of Pennsylvania in an almost identical situation,

> [r]espondents want to ensure that petitioner is not effectively foreclosed from obtaining federal habeas review of any ineffectiveness claims. Such a concern is well founded where, as here, petitioner's habeas counsel and trial counsel are one and the same. In other words, staying the instant petition rather than addressing it at this time will eliminate any confusion arising from the fact that petitioner's trial counsel represents him in the instant petition, and will ensure that petitioner is not foreclosed from asserting trial ineffectiveness claims merely because his trial counsel represents him during his habeas proceedings.

*Gibison v. Kerestas*, 2014 WL 1652200, at *3 (E.D. Pa. Apr. 24, 2014).

15. For all of these reasons, the court concludes that it is appropriate to stay the instant matter pending a resolution of petitioner's counsel's conflict of interest or a resolution in petitioner's post-conviction proceeding in the Delaware state courts. However, the parties shall notify the court within thirty (30) days of any resolution of the conflict of interest issue or within thirty (30) days of the final disposition of petitioner's Rule 61 proceeding in the Delaware state courts, whichever occurs first. At that same time, if appropriate, the parties shall also request that the stay of litigation be vacated.

16. In turn, the court will deny without prejudice to renew petitioner's motion for partial summary judgment asking the court to grant partial summary judgment on ground one of the application and issue the writ of habeas corpus. (D.I. 16) The court's

decision to stay the instant proceeding inevitably impacts the filing of dispositive motions.

**17. Conclusion.** For the above reasons, the court will grant the State's motion to stay the instant proceeding. The court will also deny without prejudice to renew petitioner's motion for a partial summary judgment. A separate order shall issue. *See* Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: June 30, 2014

_____
UNITED STATES DISTRICT JUDGE