IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL EDWARD WEBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 13-283-SLR |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

At Wilmington this 4th day of February, 2016, having reviewed the above captioned case, the court will deny petitioner Paul Edward Weber's ("petitioner") "motion to amend and/or bifurcate and grant summary judgment" (D.I. 23) and his motion for discovery and an evidentiary hearing (D.I. 27 at 40-43) for the reasons that follow:

1. **Background.** In 2001, a Delaware Superior Court jury convicted petitioner of second degree forgery and misdemeanor theft. See *Weber v. State*, 812 A.2d 225 (Table), 2002 WL 31235418, at *1 (Del. Oct. 4, 2002). He was sentenced to thirty days of imprisonment at Level V for each conviction. *Id.* Petitioner appealed his convictions and sentences to the Delaware Supreme Court, which dismissed the appeal for lack of jurisdiction because petitioner's term of imprisonment for each conviction did not exceed one month. *Id.*

2. In 2004, petitioner was indicted on charges of attempted first degree robbery and attempted first degree carjacking. See *Weber v. State*, 38 A.3d 271, 274 (Del.

2011). In 2005, a Delaware Superior Court jury convicted him of both charges, and he was sentenced to a total of twenty-eight years of imprisonment at Level V (twenty-five years for the robbery conviction and three years for the carjacking conviction). *Id.* On appeal, the Delaware Supreme Court affirmed petitioner's conviction for attempted first degree carjacking, but reversed his conviction for attempted first degree robbery and remanded the case back to the Superior Court for a new trial. *Id.* In 2010, the State retried petitioner for attempted first degree robbery, and a Delaware Superior Court jury convicted him of that offense. *Id.* The State moved to declare petitioner a habitual offender, and the Superior Court granted that motion following a habitual offender hearing. *Id.* Petitioner was subsequently sentenced to twenty-five years of imprisonment at Level V for the robbery conviction. The Delaware Supreme Court affirmed that conviction and sentence. *Id.*

3. In February 2013, petitioner filed a counseled[1] habeas application in this court, challenging his 2010 conviction for attempted first degree robbery. (D.I. 1) The application asserts eight claims, and the habeas proceeding is currently stayed until the completion of petitioner's pending Rule 61 proceeding. (D.I. 20)

4. Presently pending before the court is petitioner's motion to amend or bifurcate claim one of his application; the motion also asks the court to grant summary judgment on claim one once bifurcated. (D.I. 23) Claim one of petitioner's habeas application asserts that the "Delaware Supreme Court had a duty to acquit after finding sufficient evidence to support [petitioner's] acquittal and that the subsequent retrial violated

---

[1] The attorney representing petitioner in this proceeding is the same attorney who represented petitioner in his original trial and direct appeal, his 2010 retrial and direct appeal of that retrial, and numerous post-conviction motions in the Superior Court.

2

constitutional protections under the double jeopardy clause." (D.I. 23 at 7) Petitioner's instant motion appears to seek both (1) amendment of his pending § 2254 application by bifurcating claim one and presenting it as an independent claim via 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, and (2) summary judgment on claim one once bifurcated. In its response to the motion, the State asserts that bifurcation and consideration of claim one would be inappropriate and that the stay should remain. (D.I. 25)

5. **Standards of Review.** For state prisoners, federal habeas corpus relief is generally a post-conviction remedy sought pursuant to 28 U.S.C. § 2254. *See Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975). However, federal courts have "pre-trial habeas corpus jurisdiction" under 28 U.S.C. § 2241, permitting them to issue a writ of habeas corpus before a state criminal judgment is rendered, but only in extraordinary circumstances. *Id.* at 442-43.

6. Federal Rule of Civil Procedure 15(a) permits a party to amend the complaint after a responsive pleading has been filed only by stipulation or leave of the court, but requires that such leave "be freely granted when justice so requires." Fed. R. Civ. P. 15(a). According to the Supreme Court,

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In habeas cases, summary judgment is appropriate "when the pleadings, depositions, answers to interrogatories and

3

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

7. **Discussion**. Petitioner's counsel interprets Supreme Court precedent and caselaw from other circuits[2] as permitting a petitioner already convicted on retrial to seek federal habeas relief for a double jeopardy claim under § 2241 when "the state provides no right or process for interlocutory appeal." (D.I. 23 at 7) However, contrary to counsel's contention, the cited caselaw actually holds that a claim asserting a double jeopardy challenge to a **pending retrial** is properly pursued under § 2241, not that a petitioner already convicted on retrial may pursue a double jeopardy claim under § 2241. As previously explained, a petitioner who is convicted and in custody pursuant to the judgment of a state court (whether by trial or retrial) must seek federal habeas relief under § 2254.

---

[2]The case counsel cites to support his contention, *Phillips v. Court of Common Appeals, Hamilton County, Ohio*, 668 F.3d 804, 810-11(6th Cir. 2012), is inapposite because it involved a **pretrial** application for a writ of habeas corpus filed under § 2241 (i.e., the application was filed before the petitioner's retrial), not an application asserting a double jeopardy claim filed by the petitioner after he was convicted on retrial. Interestingly, counsel actually acknowledges the relevance of the pre-trial/post-conviction custody distinction when pursuing relief under § 2241 and § 2254 by asserting that a "habeas petition by a state defendant asserting pretrial double jeopardy challenge is properly classified as a habeas petition under § 2241, which provides for relief in preconviction custody, rather than § 2254, which is the appropriate habeas vehicle for prisoners in custody pursuant to state court judgment." (D.I. 7 at n. 21) Counsel attempts to avoid the distinction by arguing that the "custody requirement of 28 U.S.C. § 2241 was satisfied by the Petitioner's release on bond while awaiting trial." (D.I. 23 at 9) The court rejects this argument, because a petitioner's custody status is determined at the time the habeas application is filed. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989)("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

8. Here, there is absolutely no question that petitioner had already been convicted on retrial when his habeas application and instant motion were filed in this court. Consequently, the court lacks jurisdiction to consider petitioner's double jeopardy claim under § 2241.[3] Accordingly, the court denies as futile petitioner's motion to amend the pending § 2254 application by bifurcating claim one from the application and asserting it as an independent claim under § 2241.

9. To the extent the court should view the instant motion as requesting to bifurcate claim one but still proceed under § 2254, it is similarly denied. Given the unique procedural posture of this case, judicial economy would not be served by allowing petitioner to bifurcate his claims into two habeas proceedings.[4]

---

[3]In the instant motion, counsel actually acknowledges that petitioner

> had three options after the aforementioned reversal and remand. One, [petitioner] could defend himself at the retrial pursuant to the Delaware Supreme Court's mandate. Two, [petitioner] could seek injunctive habeas relief pursuant to 28 U.S.C. § 2241. Three, [petitioner] could accept the State's offer of 'five years' which did not include any additional stipulations or terms. Preferring to avoid the uncertainty of trial and the expense of further litigation, [petitioner originally] opted to accept the plea.

(D.I. 23 at 4) However, after further plea discussions, the parties could not agree on the terms of the sentence, and the case proceeded to trial. See Weber v. State, 113 A.3d 1081 (Table), 2015 WL 2329160, at *1 (Del. May 12, 2015). Petitioner was retried and convicted of attempted first degree robbery, and sentenced as a habitual offender to twenty-five years at Level V. Id.

[4]To reiterate, claim one of the instant application asserts a constitutional double jeopardy violation based on the Delaware Supreme Court's remand and petitioner's subsequent retrial and conviction, and claim one of petitioner's pending Rule 61 motion asserts that his counsel in this proceeding was ineffective for not moving for a judgment of acquittal following that remand and pursuing a claim of double jeopardy. Consequently, the conflict underlying this proceeding pervades claim one. As the court noted when it stayed this proceeding, once petitioner's Rule 61 motion is decided, petitioner may wish to amend the instant application to include the ineffective assistance of counsel claims presented to the Delaware state courts. (D.I. 20 at 4) Bifurcating and

5

10. Based on the foregoing, petitioner's motion for summary judgment on claim one is dismissed without prejudice to renew with respect to the whole application once the stay is lifted.

11. Also pending before the court is petitioner's motion for discovery and an evidentiary hearing "in the event this court finds an insufficient factual basis in the record to support" the amendment/bifurcation of claim one. (D.I. 27 at 42) Given the court's decision to deny the motion seeking bifurcation of and summary judgment on claim one, petitioner's motion for discovery and an evidentiary is dismissed as moot.

12. **Conclusion.** For the above reasons, the court will (1) deny the motion to amend/bifurcate claim one; (2) dismiss the request for summary judgment on claim one without prejudice to renew with respect to the whole application once the stay is lifted; and (2) dismiss as moot the motion for discovery and an evidentiary hearing. A separate order shall issue. See Fed. R. Civ. P. 58(a).

_____
UNITED STATES DISTRICT JUDGE

---

considering claim one while waiting to see if petitioner amends the instant application after his Rule 61 proceeding is decided would defeat the purpose of the stay.