IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL EDWARD WEBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 13-283-SLR |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

At Wilmington this 13th day of May, 2016, having reviewed the above captioned case, the court will deny petitioner Paul Edward Weber's ("petitioner") motion for an enlargement of time to file a motion for reargument or relief from judgment (D.I. 30), as well as his motion for reargument or relief from judgment (D.I. 31), for the reasons that follow:

1. **Background.** In 2001, a Delaware Superior Court jury convicted petitioner of second degree forgery and misdemeanor theft. *See Weber v. State*, 812 A.2d 225 (Table), 2002 WL 31235418, at *1 (Del. Oct. 4, 2002). He was sentenced to thirty days of imprisonment at Level V for each conviction. *Id.* Petitioner appealed his convictions and sentences to the Delaware Supreme Court, which dismissed the appeal for lack of jurisdiction because petitioner's term of imprisonment for each conviction did not exceed one month. *Id.*

2. In 2004, petitioner was indicted on charges of attempted first degree robbery and attempted first degree carjacking. *See Weber v. State*, 38 A.3d 271, 274 (Del. 2012). In 2005, a Delaware Superior Court jury convicted him of both charges, and he was sentenced to a total of twenty-eight years of imprisonment at Level V (twenty-five years for the robbery conviction and three years for the carjacking conviction). *Id.* On appeal, the Delaware Supreme Court affirmed petitioner's conviction for attempted first degree carjacking, but reversed his conviction for attempted first degree robbery and remanded the case back to the Superior Court for a new trial. *Id.* In 2010, the State retried petitioner for attempted first degree robbery, and a Delaware Superior Court jury convicted him of that offense. *Id.* The State moved to declare petitioner a habitual offender, and the Superior Court granted that motion following a habitual offender hearing. *Id.* Petitioner was subsequently sentenced to twenty-five years of imprisonment at Level V for the robbery conviction. The Delaware Supreme Court affirmed that conviction and sentence in February 2012. *Id.* In February 2013, petitioner filed in the Superior Court a pro se Rule 61 motion for post-conviction relief. *See State v. Weber*, 2014 WL 4167492 (Del. Super. Ct. July 29, 2014). That Rule 61 proceeding is currently stayed. *Id.* at *5.

3. In February 2013, petitioner filed a counseled[1] habeas application in this court, challenging his 2010 conviction for attempted first degree robbery. (D.I. 1) The application asserts eight claims, and the habeas proceeding is currently stayed until the completion of petitioner's pending Rule 61 proceeding. (D.I. 20)

---

[1] The attorney representing petitioner in this proceeding is the same attorney who represented petitioner in his original trial and direct appeal, his 2010 retrial and direct appeal of that retrial, and numerous post-conviction motions in the Superior Court.

2

4. Thereafter, petitioner filed a motion to amend or bifurcate claim one (double jeopardy) of his application in order to independently assert it pursuant to 28 U.S.C. § 2241 and seek summary judgment on that claim while his other habeas claims remain stayed. (D.I. 23) In a memorandum and order dated February 4, 2016, the court denied the motion to amend/bifurcate as futile after determining that it lacked jurisdiction to consider petitioner's post-conviction double jeopardy claim under § 2241. (D.I. 28 at 5) To the extent petitioner was vaguely asking to bifurcate claim one and still assert it under § 2254, the court denied the request in the name of judicial economy to avoid needless piecemeal litigation.

5. On March 8, 2016, thirty-two days after that decision, petitioner filed the instant motion for an enlargement of time to file a motion for reargument or relief from judgment under Federal Rule of Civil Procedure 6(b) ("Fed. R. Civ. P."), as well as the actual motion for reargument or relief from judgment under District of Delaware Local Rule 7.1.5 ("D. Del. LR") and Fed. R. Civ. P. 60(a),(b). (D.I. 30; D.I. 31)

6. **Standards of Review.** A court may, for good cause, grant a motion to extend the time to perform an act that must be done within a specified time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(a) (hereinafter referred to as "Rule 60(a) motion") permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." A motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(b) (hereinafter referred to as "Rule 60(b) motion") "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud,

3

mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

7. Significantly, a "judgment is not final unless there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. [] An otherwise non-appealable order is final only if there are no longer any claims left to be resolved by the district court." *Royal Ins. Co. of Am., Inc. v. KTA-Tator, Inc.*, 239 F. App'x 722, 724 (3d Cir. 2007); *see also Penn W. Assoc., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004)(holding that "Rule 60(b) applies only to final judgments and orders" and defining a final judgment/order as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). A court's denial of a summary judgment order typically does not constitute a final appealable order. *See Montanez v. Thompson*, 603 F.3d 243, 248 (3d Cir. 2010).

8. The decision to grant or deny relief from a final judgment under Rule 60(b) lies in the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*,

4

865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

9. **Discussion**. Petitioner has filed his motion for reargument or relief from judgment under both D. Del. R. 7.1.5 and Rule 60(a),(b). District of Delaware LR 7.1.5 requires a motion for reargument to be filed within fourteen days of the entry of judgment. Since petitioner filed the instant motion for reargument thirty-two days after the entry of the court's order at issue here, the motion for reargument filed pursuant to D. Del. LR 7.1.5 is untimely. Recognizing his late filing, petitioner asks for an enlargement of time to file his D. Del. R. 7.1.5/Rule 60(a),(b) motion for reargument because his incarceration "substantially delayed" communicating with his attorney about this matter. (D.I. 30 at 3) However, the fact of petitioner's incarceration and/or related "typical" inconvenience in communicating with persons outside the prison does not constitute excusable neglect warranting an extension of time to file a motion for reargument. Thus, the court will deny the motion to enlarge the time to file a motion for reargument/relief from judgment under D. Del. LR 7.1.5. (D.I. 30) Given this holding, the court will also deny as untimely the motion for reargument/relief from judgment filed pursuant to D. Del. LR 7.1.5. (D.I. 31)

10. In turn, the court will deny as unnecessary petitioner's motion to enlarge the time to file a Rule 60(a),(b) motion. First, Rule 60(a) does not have a time limit. *See* Fed. R. Civ. P. 60(a)(court may "correct a clerical mistake or a mistake arising from

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

5

oversight or omission whenever one is found"). Second, Rule 60(b) motions must be brought within a "reasonable time," except for those filed under Rule 60(b)(1)-(3), which must be filed "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c)(1). Petitioner filed the instant motion within thirty-two days of the order about which he complains. Accordingly, the court concludes that petitioner's motion for reargument/relief from judgment is timely filed whether considered to be filed under Rule 60(a) or Rule 60(b).

11. Although timely filed, petitioner's motion filed pursuant to Rule 60(a),(b) does not warrant relief. To the extent the motion is filed under Rule 60(a), petitioner does not assert any clerical mistakes, oversights, or omissions in the court's judgment that need to be corrected. Therefore, petitioner's reliance on Rule 60(a) is unavailing.

12. To the extent the motion is filed pursuant to Rule 60(b), it is also unsuccessful, because the motion does not seek relief from a final judgment. The court's February 4, 2016 order denying petitioner's motion to bifurcate claim one did not adjudicate the merits of any claim in the application but, rather, simply denied petitioner's request to separate claim one from the rest of the habeas application in order to litigate that claim more quickly. Similarly, the court's dismissal of petitioner's motion for summary judgment without prejudice did not resolve claim one but, rather, simply acknowledged that a summary judgment motion would be more appropriately asserted with respect to all the claims in the application once the stay is lifted. In other words, petitioner is not entitled to relief under Rule 60(b) because all of the claims in his habeas application remain unresolved.

13. Even if the court were to treat its February 4, 2016 order as a final judgment, petitioner's arguments fail to persuade the court that the instant situation amounts to the type of "extraordinary circumstances" warranting reconsideration of its prior denial of petitioner's motion to bifurcate and his motion for summary judgment. Petitioner erroneously states that he is "procedurally defaulted from seeking relief under [28 U.S.C.] § 2241" because he is in the "post-trial stage of proceedings." (D.I. 31 at 2) As the court explained in its February 4, 2016 memorandum and order (D.I. 28; D.I. 29), the court cannot consider petitioner's double jeopardy claim under § 2241 because it lacks jurisdiction, not because of a procedural default. Similarly, contrary to petitioner's assertion, the court is not overlooking the double jeopardy claim in this matter by refusing to separate it from the rest of his application and adjudicate it before the resolution of petitioner's Rule 61 proceeding. Rather, the court is merely applying the same procedural rules and judicial considerations to petitioner's case that are applied to all habeas proceedings pending before this court and exercising its discretion to follow a path that avoids needless piecemeal litigation.

14. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

15. **Conclusion.** For the above reasons, the court will (1) deny the motion to enlarge the time to file a D. Del. LR 7.1.5/Rule 60(a),(b) motion for reargument/relief from judgment; (2) deny as untimely the motion for reargument/relief from judgment to the extent it is filed pursuant to D. Del. LR 7.1.5; and (3) deny as meritless the motion

7

for reargument/relief from judgment to the extent it is filed pursuant to Rule 60(a) and (b).

_____
UNITED STATES DISTRICT JUDGE