IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 13-283 (MN) |
| ) | |
| ROBERT MAY, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington, this 21st day of December 2023;

On September 30, 2022, the Honorable Leonard P. Stark denied Petitioner's § 2254 Petition and declined to issue a certificate of appealability for any Claims asserted therein. (D.I. 128; D.I. 129). Petitioner appealed that decision to the Third Circuit (D.I. 132) and then filed a Motion for Reconsideration of the dismissal of his Petition (D.I. 136). The Third Circuit stayed Petitioner's appeal pending the disposition of Petitioner's Motion for Reconsideration. (D.I. 137). The Court denied Petitioner's Motion for Reconsideration on February 8, 2023. (D.I. 144; D.I. 145). When denying the Motion for Reconsideration, the Court again declined to issue a certificate of appealability for any Claims raised. (D.I. 144; D.I. 145). Thereafter, Petitioner filed a Motion for Certificate of Appealability asking the Court to issue a certificate of appealability for Claim Thirteen. (D.I. 147). The Court denied Petitioner's Motion for a Certificate of Appealability for Claim Thirteen on April 27, 2023. (D.I. 148). On June 1, 2023, the Third Circuit denied Petitioner's appeal of the denial of his Petition and also held that "jurists of reason would not debate the District Court's denial of [Petitioner's] motion for reconsideration." (D.I. 149 at 1-2). Thereafter, Petitioner filed a Motion for Relief of Judgment Pursuant to Federal Rules of Civil

Procedure 60(b)(1), (4), (5), and (6), asking the Court to reconsider the denial of Claim Thirteen (D.I. 150), followed by a Motion to Supplement his newly filed Motion for Relief of Judgment (D.I. 151).

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided.  *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).  A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).  When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id*. at 120.

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). *Id*. at 531.

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128,139-40 (3d Cir. 2002).

## II.     DISCUSSION

In Claim Thirteen of his Petition, Petitioner argued that his due process rights were violated when his 2001 felony forgery conviction was used to enhance the sentence for his 2005 robbery conviction because he had been denied the right to appeal his 2001 felony forgery conviction. (D.I. 58-1 at 15). Judge Stark denied Petitioner's arguments in Claim Thirteen for two reasons: (1) the Delaware Supreme Court's denial of Petitioner's due process challenge to his enhanced sentence on direct appeal[1] in *Weber I* did not warrant relief under § 2254(d) because there is no federal constitutional right to state appellate review of state criminal convictions and, even though Petitioner was unable to directly appeal his forgery conviction, he "could have challenged his

---

[1]     *See Weber v. State*, 971 A.2d 135, 140 (Del. 2009) ("*Weber I*").

3

forgery conviction via two other post-conviction vehicles" that were identified by the Delaware Supreme Court in *Weber I*; and (2) habeas review of Claim Thirteen was unavailable because Petitioner's case did not fall within the only exception to *Lackawanna Cnty Dist. Att'y. v. Coss*, 532 U.S. 394 (2001)'s rule of non-reviewability "expressly recognized by the Supreme Court," namely, "a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Weber v. May*, 2022 WL 4598567, at *30 (D. Del. Sept. 30, 2022). When denying Petitioner's first Motion for Reconsideration, the Court declined to reconsider the denial of Claim Thirteen after determining that Petitioner "failed to demonstrate that the dismissal of Claim Thirteen was premised on a mistake of law or fact or that it will result in a manifest injustice." (D.I. 124 at 27). The Court explained:

> Petitioner clearly falls within the rule of habeas non-reviewability set forth by the Supreme Court in *Lackawanna*, and he does not satisfy either the well-established "*Gideon*" exception or the potential "no fault" second exception. Because none of the exceptions to *Lackawanna* apply, Petitioner's 2001 forgery conviction is conclusively valid, thereby barring him from challenging his enhanced sentence under § 2254 on the ground that his 2001 forgery conviction was unconstitutionally obtained.

(*Id.*)

In the instant Rule 60(b) Motion for Reconsideration, Petitioner contends that the Court misapplied *Lackawanna* when it denied Claim Thirteen (D.I. 150 at 9) and provides "Dispositive Caselaw" to support his argument (D.I. 150 at 10). In his Motion to Supplement, Petitioner contends that the Court did not consider "the Delaware Supreme Court's subsequent concession that [Petitioner] did not enjoy a remedy to challenge his prior conviction," and that the Court "had the authority to declare the Delaware Supreme Court's initial decision was in error." (D.I. 151 at 2)

The Court will grant Petitioner's Motion to Supplement.  Nevertheless, the arguments in the supplemented Motion attack Petitioner's enhanced sentence for his 2005 robbery conviction and do not challenge the manner in which the 2022 habeas judgment or the Court's 2023 denial of his motion for reconsideration were procured.  Thus, the instant supplemented Motion is not a true Rule 60(b) motion for reconsideration.  Instead, the instant supplemented Motion constitutes a second or successive habeas request for the purposes of § 2244.  Since there is no indication that the Third Circuit Court of Appeals authorized the filing of the pending supplemented Motion, the Court will dismiss the instant supplemented Motion for lack of jurisdiction.[2]  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

### III. CONCLUSION

THEREFORE, based on the foregoing, IT IS HEREBY ORDERED that Petitioner's Motion to Supplement his Rule 60(b) Motion for Relief from Judgment (D.I. 151) is **GRANTED**.  Petitioner's supplemented Rule 60(b) Motion for Relief from Judgment (D.I. 150) is **DENIED** for lack of jurisdiction because it is an unauthorized second or successive habeas request.

IT IS FURTHER ORDERED that the Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

The Honorable Maryellen Noreika
United States District Judge

---

[2] The supplemented Rule 60(b)(6) Motion does not satisfy the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).  Therefore, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.